**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHAD YONAKA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 06-cv-0464-MJR |
| | ) |
| **UNITED PARCEL SERVICE, INC., and** | ) |
| **HIGHWAY DRIVERS, DOCKMEN,** | ) |
| **SPOTTERS, RAMPMEN, MEAT,** | ) |
| **PACKING HOUSE AND ALLIED** | ) |
| **PRODUCTS DRIVERS AND** | ) |
| **HELPERS, OFFICE WORKERS AND** | ) |
| **MISCELLANEOUS EMPLOYEES,** | ) |
| **LOCAL UNION 710** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court are Defendant Local Union 710's ("Union") Motion to Dismiss (Doc. 6) and Defendant United Parcel Service's ("UPS") Motion to Dismiss the Complaint (Doc. 9). Both Defendants argue that Plaintiff's Complaint must be dismissed because it was not filed within the six-month statute of limitations period governing hybrid actions arising under **§ 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185**; *see* **29 U.S.C. § 160(b)**.

### I.   Introduction and background

On June 20, 2006, Plaintiff Chad Yonaka ("Yonaka"), a truck driver for UPS, filed a one-count complaint, under **29 U.S.C. § 185(a)** as a hybrid **§ 301** action, alleging breach of duty of fair representation and breach of contract. Yonaka claims that, on March 29, 2005, while working for UPS, he was involved in an accident when an automobile driver with no headlights on ran into his trailer. Yonaka alleges that, on April 8, 2005, UPS discharged him in violation of the

Union contract. He states that the Union failed in its duty to represent him properly at the joint UPS/Union grievance panel on April 28, 2005. Yonaka seeks injunctive and monetary relief.

Yonaka filed an identical complaint, ***Yonaka v. United Parcel Service, Inc.,*** **Case No. 05-4136-JPG (S.D.Ill.) ("*Yonaka I*")**, against UPS and the Union on July 27, 2005. On June 12, 2006, the Honorable J. Phil Gilbert dismissed the action on motions by UPS and the Union, pursuant to FED. R. CIV. P. 4(m), because Yonaka had failed timely to serve Defendants.

The Union and UPS contend that Yonaka's Complaint is time-barred because the six-month statute of limitations began to run on April 28, 2005, and, consequently, Yonaka should have filed his Complaint on or before October 28, 2005. The Union and UPS state that Yonaka's Complaint was not filed until June 14, 2006, which was more than a year after the statute of limitations period began to run.

Yonaka asserts that, because *Yonaka I* was timely filed and was dismissed without prejudice for failure to effect proper service, he had one year from the dismissal date, June 12, 2006, within which to re-file his action. Yonaka claims that, under the **Illinois Saving Statute, 735 ILCS § 5/13-217**, he may commence a new action within one year ". . . whether or not the time limitation for bringing such action expires during the pendency of such action, . . ."

The Union and UPS reply that the Illinois saving statute is inapplicable for the following reasons: 1) a dismissal pursuant to **FED. R. CIV. P. 4(m)** is not among the dismissals "saved" by the Illinois saving statute; and 2) the Illinois saving statute does not apply to purely federal claims that are subject to a federal statute of limitation.

## II.   Applicable Legal Standards

The Union and UPS move to dismiss Yonaka's Complaint under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. In deciding whether to grant a motion to dismiss for failure to state

a claim under **Rule 12(b)(6)**, the Court accepts as true all well-pled allegations and resolves in favor of the plaintiff all reasonable inferences. ***Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).** Dismissal under **Rule 12(b)(6)** is proper only if the plaintiff can prove no set of facts that would entitle him to relief. ***Id.* (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *Accord Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993).** As the Seventh Circuit has noted, motions to dismiss for failure to state a claim "must receive careful scrutiny" and are "not often granted." ***Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 420 (7th Cir. 1994).**

The Union and UPS move to dismiss the claims against them on the ground that the statute of limitations has run. Ordinarily, defendants should raise the statute of limitations defense by summary judgment rather than by a motion to dismiss. ***Deimler v. Pease*, 919 F.2d 143, \*2 (7th Cir. 1990) (unpublished)**. However, where there are no disputed factual issues, it may be considered on a motion to dismiss. ***Id*. (citations omitted)**.

### III.    Analysis

Having carefully applied the above-stated standards to the allegations of Yonaka's Complaint, the Court concludes that it should grant the Union's and UPS's motions.

It is undisputed that this case was not filed within the six-month limitations period governing hybrid actions arising under **§301** of the **LMRA**. Accordingly, this matter may be decided on a motion to dismiss because there are no disputed factual issues, and the resolution depends upon applicable law.

Yonaka's claim that his suit is timely because of the Illinois saving statute is frivolous. ***See Rush v. Lock*, 19 Fed.Appx. 416, 418 (7th Cir. 2001) (unpublished)**. Because Yonaka asserts a purely federal claim that is subject to a federal statute of limitations, the Illinois

saving statute does not apply. *See Holmberg v. Armbrecht* **327 U.S. 392, 394, 66 S.Ct. 582, 584 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive.")**; *see also Rush*, **19 Fed.Appx. at 418.**

Yonaka's reliance on *Powell v. Starwalt*, **866 F.2d 964 (7th Cir. 1989)**, is misplaced. Judge Gilbert*,* in *Yonaka I*, relied on *Powell* in dismissing Yonaka's case without prejudice for failure timely to effect service. *See Yonaka I,* **Doc. 28 (citing** *Powell***, 866 F.2d at 965)**. That ruling, however, does not bear on the issue under consideration. Indeed, in *Powell,* the Seventh Circuit observed that "'without prejudice' does not mean 'without consequence." *Id*. **at 966**. "If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Id*. While it is true that Powell had one year within which to refile his claim, the same is not true of Yonaka. Powell's case was brought under the court's diversity jurisdiction, *see id.* **at 964***,* and was not subject to a federal statute of limitations. The Court's finding that Yonaka did not satisfy the statute of limitations is not inconsistent with the Seventh Circuit's determination in *Powell*.

This matter is analogous to *Beck v. Caterpillar, Inc.,* **50 F.3d 405 (7th Cir. 1995)**. In *Beck*, an employee brought a hybrid suit against his employer and union under **§ 301** of the **LMRA**. *Beck***, 50 F.3d at 406**. The plaintiff subsequently stipulated to a voluntary dismissal of his complaint without prejudice under **FED. R. CIV. P. 41(a)**. *Id*. A year later, the plaintiff refiled his case, and his employer and the union moved for summary judgment on the basis that his claim was barred by the six-month statute of limitations. *Id*. The Seventh Circuit concluded that the plaintiff's claim was not tolled by application of the state's saving statute because the federal claim in question was governed by a federal statute of limitations. *Id*. **at 407**. As in *Beck*, the Illinois saving statute

is inapplicable and does not toll the time for Yonaka's filing his claim.[1]

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Local Union 710's Motion to Dismiss (Doc. 6) and Defendant United Parcel Service's Motion to Dismiss the Complaint (Doc. 9).  Because this action is barred by the statute of limitations, the dismissal shall be **with prejudice**.

**IT IS SO ORDERED.**

**DATED this 19th day of December, 2006.**


                                    s/Michael J. Reagan
                                    MICHAEL J. REAGAN
                                    United States District Judge

---

[1] Because the Court has determined that Yonaka's reliance on the Illinois saving statute must be rejected, the Court will not discuss UPS's and the Union's argument that a dismissal pursuant to **FED. R. CIV. P. 4(m)** is not among the dismissals "saved" by the Illinois saving statute.